RILEY A. CLAYTON
Nevada Bar No. 005260
rclayton@lawhjc.com

**HALL JAFFE & CLAYTON, LLP**
7455 W. WASHINGTON AVENUE
SUITE 460
LAS VEGAS, NEVADA 89128
(702) 316-4111
FAX (702)316-4114

Attorneys for Defendant,
State Farm Mutual Automobile Insurance
Company

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

ANDREW JAMES WOODS, individually,

    Plaintiff,

vs.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, DOES I-X, and
ROE CORPORATIONS I-X, inclusive,

    Defendant.

CASE NO.: 2:11-cv-00463-LDG-RJJ

**STIPULATION AND ORDER FOR DISMISSAL OF EXTRA-CONTRACTUAL CLAIMS; FOR REMAND TO STATE COURT; AND AGREEMENT TO SUBMIT UIM CASE TO "SHORT TRIAL."**

    This Stipulation and Order of Dismissal of Extra-Contractual Claims; For Remand to State Court; and Agreement to Submit UIM Case to "Short Trial" is entered into by Plaintiff, Anderw James Woods ("Plaintiff"), and Defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), (collectively referred to as the "Parties"), as an alternative method of resolving a dispute that has allegedly arisen from an July 9, 2009, automobile accident and subsequent claims handling and decision-making, which culminated in a lawsuit styled *Andrew James Wood v. State Farm Mutual Automobile Insurance Company,* currently pending in the United States District Court, District of Nevada, Case 2:11-cv-004633-LDG-RJJ. Plaintiff is represented by Michael Kristoff, Esq. State Farm is represented by Riley A. Clayton, Esq. The following terms and conditions of this Stipulation and Order and Agreement will become effective upon the signature by the Parties and the execution and filing of the

same by this Court. The Parties hereby agree and stipulate to the following terms:

1. All of Plaintiff's "extra-contractual" claims, including but not limited to those that have been pled our could have been pled against State Farm (e.g., contractual breach of the implied covenant of good faith and fair dealing, tortious breach of the implied covenant of good faith and fair dealing, bad faith, violation of NRS 686A.310, punitive damages, etc.) arising out of or relating to the insurance claim stemming from the July 9, 2009, automobile accident are hereby DISMISSED WITH PREJUDICE.

2. After dismissal of the extra-contractual claims, this case is remanded to the Eighth Judicial District Court, Clark County, Nevada, Case No. A-11-635408-C, Dept. XXXI, and the only remaining claim to be resolved in the remanded state court action is the UIM contract claim.

3. Once this case has been remanded, the Parties will submit the UIM contract claim to Nevada's "Short Trial" program pursuant to the Nevada Short Trial Rules. The Parties agree that the case will be tried by a four member jury panel and, unless otherwise stated herein, the litigation will be conducted consistently with Nevada's Short Trial Rules.

4. The Short Trial shall be binding and shall be the sole and final resolution and adjudication of Plaintiff's claims against State Farm, which in any way arise out of or relate to the July 9, 2009 accident, and any claims handling or claims decision. This clause and mutual covenant is of the essence to this Agreement. The jury's decision and award shall be the sole basis for recovery on these claims and shall be final, non-appealable and binding. The Parties agree that there shall be no right of appeal of the jury's decision to any court of appeals, the Nevada Supreme Court, or to any other court, forum, person or entity. Likewise, the Parties agree that there shall be no right to submit a motion for new trial, motion for additur or remittitur or any other similar or equivalent post-trial motion to the Short Trial Judge seeking, for example, to modify, amend, change or overturn the jury's decision, unless on the basis of corruption, fraud or other undue means in the proceedings.

5. Neither the Short Trial Judge nor the jury shall be informed concerning any cap on damages, amounts of proceeds potentially available, amount of prior recovery by the Plaintiff, any range of award, and/or the amount of any applicable offsets. The jury will _only_ be asked to resolve the issue of

Plaintiff's legal entitlement (fault on behalf of the underinsured motorist and extent of Plaintiff's damages) to any UIM proceeds. In other words, the jury shall determine fault for the accident and the extent of Plaintiff's injuries/damages by placing a fair and equitable "total value" (which includes any past/future medical specials, past/future wage loss, past/future pain and suffering and other legally compensable general damages, but does not include interest, costs or attorneys fees) on the Plaintiff's claim. The jury will not be asked to and will not consider any alleged claims handling/decision-making issues or liability for extra-contractual claims, as such claims and damages have been and are expressly waived by Plaintiff and dismissed with prejudice by this Stipulation and Order.

6. The Parties may jointly select a Short Trial Judge or, if unable to do so, allow the ADR Commissioner in the Eighth Judicial District Court to appoint a Short Trial Judge consistent with the applicable rules.

7. The Parties shall proceed through the Short Jury Trial program in a manner that is consistent with the applicable Nevada Short Trial Rules and otherwise authorized by the Short Trial Judge. The Parties shall be allowed to conduct any reasonable discovery permitted under the Nevada Short Trial Rules and as permitted by the Short Trial Judge. The Short Trial Judge shall set forth a discovery scheduling order, which will include deadlines for the disclosure of documents/exhibits, witnesses, pre-trial memoranda, pre-trial conference, evidentiary objections, expert witness disclosures, dates for filing pre-trial and/or dispositive motions, etc. The Short Jury Trial Judge shall resolve any and all discovery disputes, including the scope of permitted discovery. Pre-trial motions, evidentiary objections, and/or dispositive motions will be submitted to the Short Trial Judge for determination.

9. The date for the single-day Short Jury Trial will be conducted on a mutually agreed upon date. Motions to continue the trial date may be granted upon a showing of good cause.

10. In lieu of live expert testimony at trial, the parties are authorized to, but are not required to, have written expert reports admitted into evidence, provided that such expert reports are consistent with the format and content requirements of NRCP 26(a)(2). All other evidentiary rules apply.

11. As mentioned above, the jury will place a full, total value on Plaintiff's injuries/damages. Regardless of the total value placed on Plaintiff's injuries/damages by the jury, State Farm will be not be

3

obligated to pay Plaintiff any UIM proceeds <u>unless</u> the total value exceeds the applicable offsets, which in this case are $50,000. By way of example, if the jury concluded that the total value of Plaintiff's injuries/damages were only $40,000, then State Farm would not be obligated to pay anything to Plaintiff since the total value of the claim would be less than the applicable offsets.

12. Irrespective of the total value that the jury places on Plaintiff's UIM claim, State Farm's potential obligation to pay under this Agreement will be capped at the applicable UIM policy limit, which is $25,000. **In other words, the maximum that State Farm would ever be required to pay Plaintiff hereunder is $25,000 in UIM proceeds.** By way of example, if the jury were to conclude that the total value of Plaintiff's injuries/damages were $500,000, then State Farm would be only be obligated to pay the full limit of the UIM policy, $25,000. To be clear, any finding that the total value of Plaintiff's injuries/damages exceeds $75,000 is to be automatically reduced to $75,000 to ensure that State Farm is **not obligated** to pay any amount that exceeds the $25,000 UIM policy limit.

14. The parties agree that there will be no award of costs, interest or attorney fees to any party. An offer of judgment will have no effect. The parties shall pay equal amounts for the costs associated with the short jury trial (e.g., jury fees, judge's fees and costs).

15. Payments of the sum awarded by the jury, as limited by the parameters set forth herein, shall be made by State Farm no later than 20 days after entry of the judgment on the jury's verdict.

/ / /

/ / /

/ / /

/ / /

/ / /

16. This Agreement is binding on the Parties, their heirs, executors, administrators, personal representatives, legal representatives, and other such persons or entities.

DATED this 21st day of September, 2011.     DATED this 19th day of September, 2011.

HALL JAFFE & CLAYTON, LLP                    GREENE INFUSO, LLP

By _____                    By _____
RILEY A. CLAYTON, ESQ.                        MICHAEL KRISTOF, ESQ.
Nevada Bar No. 005260                         Nevada Bar No. 007780
7455 W. Washington Ave., Suite 460            3030 S. Jones Blvd., Suite 101
Las Vegas, Nevada 89128                       Las Vegas, Nevada 89146
*Attorney for Defendant, State Farm*          *Attorney for Plaintiff, Andrew Woods*

### ORDER

**IT IS SO ORDERED.**

Dated 22 Sept 2011

_____
UNITED STATES DISTRICT COURT JUDGE